

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #: **19-CI-001780**<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |
| --- | --- | --- |

*Plaintiff,* **LOTT, TYROME VS. LOUISVILLE/JEFFERSON CO METRO GOVERNMENT, E**, *Defendant*

TO:  **LOUISVILLE/JEFFERSON CO METRO GOVERNMENT**
     **ATTN: MAYOR GREG FISCHER**
     **527 WEST JEFFERSON STREET, 4TH FLOOR**
     **LOUISVILLE, KY 40202**



The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

RECEIVED

MAR 25 2019

JEFFERSON CO. ATTORNEY

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **3/15/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
                                      Served By

_____
                                      Title

---

Summons ID: 152780811120441@00000903514
CIRCUIT: 19-CI-001780 Certified Mail
LOTT, TYROME VS. LOUISVILLE/JEFFERSON CO METRO GOVERNMENT, E



Page 1 of 1



Package:000002 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000002 of 000028

Filed        19-CI-001780    03/15/2019        David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. _____

JEFFERSON CIRCUIT COURT
DIVISION NO. _____
JUDGE _____
*Filed Electronically*

TYROME LOTT                                                    PLAINTIFF

vs.                    **VERIFIED CLASS ACTION COMPLAINT**

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT

     Serve:  Mayor Greg Fischer
         527 West Jefferson Street, 4th Floor
         Louisville, Kentucky 40202
and

STEVE CONRAD, individually and in his official capacity as
CHIEF of the LOUISVILLE METRO POLICE DEPARTMENT

     Serve:  Steve Conrad
         633 W. Jefferson Street
         Louisville, Kentucky  40202

and

VANESSA BURNS, individually and in her official capacity as
SECRETARY OF PUBLIC WORKS AND ASSETS                          DEFENDANTS
LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT

     Serve:  Vanessa Burns
         444 South 5th Street
         Louisville, Kentucky  40202

*******************************************

    Comes now the Plaintiff, Tyrome Lott ("Plaintiff" or "Class Representative"), by and through counsel, individually and on behalf of all other similarly situated persons in the proposed Class described in this Complaint ("putative Class" or "Class Members"), and for his and the Class Members' claims and causes of action against the Defendants, Louisville/Jefferson County Metro Government, Chief Steve Conrad, and Secretary Vanessa Burns, states as follows:

1

Filed        19-CI-001780    03/15/2019        David L. Nicholson, Jefferson Circuit Clerk

Package:000003 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000003 of 000028

## INTRODUCTION

1.      This case is about the City of Louisville/Louisville Metro Government willfully, intentionally and unlawfully overcharging and collecting excessive fees and forfeitures for towing, impounding and auctioning vehicles towed to the Louisville Tow Lot located at 1487 Frankfort Avenue, Louisville, Kentucky 40206.  This has happened at the expense of every person who has had the misfortune of having a vehicle towed to the Louisville Tow Lot.

2.      In May 2005, pursuant to Louisville Metro Ordinance 72.062, the Louisville Tow Lot was authorized to charge a $10 handling fee on all vehicles towed, plus a $10 storage fee for each of the first seven days a vehicle was in storage, and a $5.00 fee per day for each additional day the vehicle remained in storage.  By way of a hidden back-door tax increase for Louisville Metro Government, which would be a new unannounced revenue stream for the city's coffers, the referenced Ordinance delegated to the Secretary of Public Works and Assets the taxing power to set all towing and impoundment charges in writing.  The only limitation on this power was that the Secretary was limited to raising fees and charges for towing and related services by no more than ten percent (10%) per year.  (Exhibit "A")

3.      On February 2, 2008, the Secretary of Public Works and Assets, pursuant to Louisville Metro Ordinance 72.062, ordered an increase in tow lot impoundment fees.  Under this new directive, the Louisville Tow Lot was authorized to charge an $11 storage fee per day for each day a vehicle was in storage.  Although the Secretary was still limited by the Ordinance to raising fees by no more than 10% a year (in this instance 10% of the original $5.00 per day storage fee for a maximum fee increase of $5.50), the Secretary's new storage fee increase to $11 per day grossly exceeded the Secretary's legal authority and was not authorized by the provisions of Louisville Metro Ordinance 72.062.  (Exhibit "B")

2

Package:000004 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000004 of 000028

4.      Millions of dollars in unlawful and unauthorized fines and fees have been assessed and collected by Louisville Metro Government and its officials as a result of the wrongful actions of the Secretary of Public Works and Assets, all of which has been to the detriment of tens of thousands of vehicle owners (if not more) who were assessed and paid excessive fines and fees, many of whom had their impounded cars auctioned, as result of having their vehicles towed and impounded at the Louisville Tow Lot.

5.      By and through his attorney, and on behalf of himself and others similarly situated, Plaintiff seeks declaratory and injunctive relief against Louisville Metro Government and its officials to end this unconstitutional practice which amounts to nothing more than an unauthorized tax increase and revenue stream for Louisville Metro Government.

6.      As a result of assessing unauthorized and unlawful fines and fees for towing and related services, and the auction of vehicles impounded for individuals unable to pay for the unauthorized and unlawful fines and fees resulting in a loss of the equitable value of their vehicles, Louisville Metro Government and its officials have violated the Plaintiff's and similarly situated persons' rights under the Fifth and Fourteenth Amendments to the United States Constitution, the Eighth Amendment right to be free of excessive fines and fees, and the Constitution and common law of the Commonwealth of Kentucky.  Louisville Metro Government and its officials are therefore liable to the Plaintiff and similarly situated persons under 42 U.S.C Section 1983 of the Civil Rights Act of 1871.

## PARTIES:

7.      Plaintiff Tyrome Lott ("Class Representative" or "Lott") is, and at all times relevant hereto has been, a resident of Jefferson County, Kentucky, with his residence located at 9103 Catania Drive, Louisville, Kentucky 40299.

3

Package:000005 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000005 of 000028

Filed        19-CI-001780    03/15/2019        David L. Nicholson, Jefferson Circuit Clerk

8.      Defendant Louisville/Jefferson County Metro Government ("Louisville Metro Government") is, pursuant to KRS 67C.101 *et seq.*, a consolidated local government located within the Commonwealth of Kentucky.  Louisville Metro Government's principal office is located at 527 West Jefferson Street, Fourth Floor, Louisville, Kentucky.  Louisville Metro Government operates several internal departments and divisions that execute necessary local government functions, including the maintenance and operation of the Vehicle Impoundment Unit/Louisville Tow Lot located at 1487 Frankfort Avenue, Louisville, Kentucky 40206.  At all times relevant herein, this Defendant acted under color of regulation, usage, custom, and law pursuant to its policies, practices and customs, as did the other Defendants herein.

9.      Defendant Chief Steve Conrad ("Chief Conrad" or "Conrad") is employed by Louisville Metro Government as its Chief of Police of the Louisville Metro Police Department, the address for which is 633 West Jefferson Street, Louisville, Kentucky 40202.  As Chief, Conrad oversees the management of the entire Louisville Metro Police Department, including the Louisville Tow Lot, and is responsible for initiating and recommending fee increases for towing and impoundment services, as well as the auctioning of vehicles that are in violation of traffic regulations, vehicles which have been abandoned in public or private areas or identified as nuisances, and other activities, as authorized by law.  At all times relevant herein, this Defendant acted under color of regulation, usage, custom, and law pursuant to Louisville Metro Governments' policies, practices and customs, as did the other Defendants herein.  Conrad is sued herein in his individual and official capacities.

10.     Defendant Vanessa Burns ("Secretary Burns" or "Secretary") is employed by Louisville Metro Government as its Secretary of Public Works and Assets, the address for which is 444 South 5th Street, Louisville, Kentucky 40202.  As Secretary, she oversees, among other

4

Filed        19-CI-001780    03/15/2019        David L. Nicholson, Jefferson Circuit Clerk

Package:000006 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000006 of 000028

things, the management of Louisville Metro Governments' road construction and maintenance, road construction projects, transportation planning, snow removal, solid waste removal and recycling, and the operation and maintenance of traffic signals. She also is responsible for determining and establishing Louisville Metro Governments' fees for towing and impoundment services, as well as the fees and charges for auctioning vehicles that have been found in violation of Louisville Metro Government traffic regulations, vehicles which have been abandoned in public or private areas or have been identified as nuisances, and other activities, as authorized by law. At all times relevant herein, this Defendant acted under color of regulation, usage, custom, and law pursuant to Louisville Metro Governments' policies, practices and customs, as did the other Defendants herein. The Secretary is sued herein in her individual and official capacities.

## STATEMENT OF FACTS

11.     On May 17, 2005, Louisville Metro Government adopted and duly enacted a Towing Custodian Care Charges Ordinance which authorized the Louisville Tow Lot to charge a $10 handling fee on all vehicles towed, plus a $10 storage fee for each of the first seven days a vehicle was in storage, and a $5.00 fee per day for each additional day the vehicle remained in storage. Louisville Metro Ordinance 72.062 (the "Ordinance") (Exhibit "A")

12.     The referenced Ordinance also delegated to the Secretary of Public Works and Assets the power to set all towing and impoundment charges in writing. The only limitation on this power was that the Secretary was limited to raising fees and charges for towing and related services by no more than ten percent (10%) per year. (Exhibit "A")

13.     As referenced in a memorandum dated December 9, 2009, on February 2, 2008, the Secretary, pursuant to Louisville Metro Ordinance 72.062, ordered an increase in tow lot impoundment fees. Under this new directive, the Louisville Tow Lot was authorized to charge an

5

Package:000007 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000007 of 000028

$11 storage fee per day for each day a vehicle was in storage. Although the Secretary was limited to raising fees by no more than 10% per year, in this instance 10% of the original $5.00 per day storage fee, the Secretary's new storage fee increase to $11 per day grossly exceeded the Secretary's legal authority and was not authorized by the provisions of Louisville Metro Ordinance 72.062. (Exhibit "**B**").

14.     On December 9, 2009, the Secretary, pursuant to Louisville Metro Ordinance 72.062, raised the towing, handling and storage fees, specifically the storage fee to $12 per day for each day that a vehicle is in storage. This increase violated the maximum fee increase of no more than 10% per year as authorized by Louisville Metro Ordinance 72.062 because of the unauthorized storage fee increase mandated by the Secretary in February 2008. (Exhibit "**B**")

15.     On October 19, 2012, the Secretary, pursuant to Louisville Metro Ordinance 72.062, raised the storage fee to $13 per day for each day that a vehicle is in storage. This increase violated the maximum fee increase of no more than 10% per year as authorized by Louisville Metro Ordinance 72.062 because of the unauthorized storage fee increase mandated by the Secretary in February 2008. (Exhibit "**C**")

16.     On September 9, 2018, a police officer employed by the Louisville Metro Police Department "… observed a marijuana joint in plain view in [the Plaintiff's] unoccupied vehicle", which was illegally parked at the time. When Plaintiff claimed ownership of the vehicle, he was given a citation for illegal possession of marijuana and his car was then towed by the Louisville Metro Police Department to the Louisville Tow Lot. (Exhibit "**D**")

17.     Plaintiff called the Louisville Tow Lot the next day to inquire about his vehicle. He was told that he could retrieve his car upon presentation of proof of insurance, proof of title and

Package:000008 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000008 of 000028

6

payment of all towing and storage fees. Plaintiff was also told that the storage fee was $13 per day, and that he had 45 days to retrieve his car before it would be sold at auction.

18.    On October 23, 2018, Plaintiff retrieved his car from the Louisville Tow Lot upon presentation of proof of insurance, proof of title and payment of all towing and storage fees, which amounted to nearly $700. The amount Plaintiff paid to retrieve his car from the Louisville Tow Lot violates the maximum storage fee charge of $10 for each of the first seven days a vehicle is in storage, plus a $5.00 fee per day for each additional day thereafter that a vehicle remains in storage as authorized by Louisville Metro Ordinance 72.062. Plaintiff incurred additional costs and fees in excess of the minimum subject-matter jurisdictional requirements of this Court.

## CLASS ACTION ALLEGATIONS

19.    The Plaintiff brings this action on behalf of himself and all others similarly situated to assert the claims alleged in this Complaint on a common basis.

20.    A class action is a superior means, and the only practicable means, by which the Plaintiff and the Class Members can challenge the Defendants' wrongful actions.

21.    This action is brought and may be properly maintained as a Class action pursuant to Rule 23 of the Kentucky Rules of Civil Procedure.

22.    This action satisfies the numerosity, commonality, typicality and adequacy requirements of those provisions. One or more members of the Class has suffered damages in excess of the jurisdictional amount-in-controversy requirement for the subject-matter jurisdiction of this matter before this Honorable Court.

23.    The Class is defined as: all persons with vehicles registered to them whose vehicles were assessed in excess of the maximum storage fee charge of $10 for each of the first seven days a vehicle is in storage, plus a $5.00 fee per day for each additional day thereafter that a vehicle

7

Package:000009 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000009 of 000028

Filed          19-CI-001780    03/15/2019          David L. Nicholson, Jefferson Circuit Clerk

remains in storage as authorized by Louisville Metro Ordinance 72.062, and those who had their automobile auctioned, since on or about February 2, 2008.

24.     On information and belief, approximately 10,000 vehicles are towed each year by the to the Louisville Tow Lot, which impacts tens of thousands of registered car owners from across the United States and Canada.

25.     The relief sought is common to all Class Members, and common questions of law and fact exist as to all Class Members.  The Plaintiff seeks relief concerning the unlawful and unauthorized assessment and collection of fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062 violate the rights of the Class Members, and the loss in equity for all vehicles auctioned by Defendants since October 2, 2008.  Plaintiff further seeks relief mandating that Defendants put an end to the unlawful actions, common scheme and practice, so that the rights of the Class Members will be protected in the future, and additionally, obtaining appropriate damages, compensation and other equitable remedies.

26.     The common legal and factual questions arise from one common scheme and practice:  Defendants' unlawful and unauthorized assessment and collection of fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062.

27.     The essential facts and legal issues do not vary from Class Member to Class Member and the resolution of these legal and factual issues will determine whether all Class Members are entitled to the relief they seek.

28.     Among the most important, but not the only, common questions of fact are:

- Whether Defendants assessed and collected fines and fees in excess of those authorized by Louisville Metro Ordinance 72.062

- Whether Defendants had an unconstitutional practice, custom, policy, or pattern that resulted in constitutional violations.

8

Package:000010 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000010 of 000028

29.     The Plaintiff's claims are typical of the other Class Members' claims and they have the same interests in this case as all other Class Members.  Each Class Member was assessed a storage and impoundment fee in an amount greater than the amounts authorized by Louisville Metro Ordinance 72.062. Each Class Member was damaged when they paid the assessed and fined amounts.  Further, many Class Members suffered additional damages when they were unable to pay the assessed and fined amounts, which resulted in their vehicles being sold at auction resulting in the loss of their vehicles and the loss of their equity in said vehicles.   The answer of whether the Defendants' actions are a violation of the law and/or inequitable will determine the claims of the Plaintiff and every other Class Member.

30.     If the Plaintiff succeeds in his claim against the Defendants, that ruling will likewise benefit every other Class Member.

31.     The Plaintiff is an adequate representative of the Class because his interests in the vindication of the legal claims that he raises are entirely aligned with the interest of the other Class Members, who each have the same basic claims.  He is a member of the Class, and his interests coincide with, and are not antagonistic to, those of the other Class Members.

32.     There are no known conflicts of interest among the Class Members, all of whom have a similar interest in vindicating their rights in face of the Defendants' unlawful and unauthorized practice of assessing fees in violation of Louisville Metro Ordinance 72.062, and recovering monies lost as a result of the Defendants' failure to assess and collect storage and impoundment fees owed in accordance with Louisville Metro Ordinance 72.062.

33.     Plaintiff's counsel has extensive experience litigating complex constitutional and civil rights cases in both State and Federal Courts and has relevant experience as class action counsel.

9

Package:000011 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000011 of 000028

34.      Class action status is appropriate because the Defendants have acted in the same manner with respect to all Class Members and the prosecution of separate actions by individual members would create a risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interest.

35.      The Class also seeks declaratory and injunctive relief to enjoin Defendants from assessment and collection of unauthorized and inflated fees and further selling impounded vehicles at auction.  Because the putative Class challenges the Defendants' actions as unconstitutional through declaratory and injunctive relief that would apply the same relief to every Class Member, Rule 23 of the Kentucky Rules of Civil Procedure is both appropriate and necessary.

36.      Injunctive relief compelling the Defendants to comply with these constitutional rights will similarly protect each Class Member from being subjected to Defendants' unlawful policies and practices in the future.  A declaration and injunction stating that Defendants cannot assess or collect excessive storage and impoundment fees would provide relief to every Class Member.  Therefore, declaratory and injunctive relief with respect to the Class is appropriate.

**COUNT I**
**CONSOLIDATED LOCAL GOVERNMENT LIABILITY FOR VIOLATIONS OF THE**
**FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**
**(42 U.S.C. SECTION 1983) AND SECTION II OF THE KENTUCKY CONSTITUTION**

37.      Plaintiff incorporates by reference herein all paragraphs of the Complaint as if fully stated herein.

38.      Under 42 U.S.C. Section 1983, Defendant Louisville Metro Government is a "person" liable for its unconstitutional practices, customs, policies or patterns that result in constitutional violations. *Cook vs. Popplewell*, 394 S.W.3d 323 (Ky. 2011)

10

Package:000012 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000012 of 000028

39.    Defendant Louisville Metro Government had and has an unconstitutional practice, custom, policy, and pattern of using its agents and employees to assess and collect from the Plaintiff and members of the Class storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062.

40.    The unconstitutional acts of agents and employees of Louisville Metro Government were undertaken pursuant to a practice, custom, policy, pattern, or decision by Defendant Chief Conrad and Defendant Secretary Burns to direct agents and employees of the Defendant Louisville Metro Government to assess and collect storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062.

41.    Defendants Chief Conrad and Secretary Burns are responsible in their official capacities for Defendant Louisville Metro Government's unlawful and unconstitutional practice, custom, policy, and pattern. Each of these Defendants was the final decision maker on policy concerning fees for storage and impoundment of vehicles towed to the Louisville Tow Lot. Defendant Chief Conrad was responsible for recommending and implementing any increases in fees concerning the Louisville Tow Lot and Secretary Burns was responsible for approving any and all such requests, and each of these Defendants acted, pursuant to their authority and responsibility as an official of the Defendant Louisville Metro Government, under color of regulation, ordinance, usage, custom, and law and pursuant to its policies, practices and customs.

42.    Defendants' practice, custom, policy, pattern or decision was a direct and proximate cause of the constitutional violations suffered by Plaintiff and similarly situated persons.

43.    The Defendants' unconstitutional scheme of assessing and collecting storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062 was in violation of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution:

11

Package:000013 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000013 of 000028

Package:000014 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000014 of 000028

a.  Defendants violated Plaintiff's and similarly situated persons' substantive due process rights, pursuant to the Fifth and Fourteenth Amendments, where it was fundamentally unfair for the Plaintiff to be assessed arbitrarily established fees for storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062 and be forced to pay these inflated amounts in order to admit responsibility to the underlying assessments and to fully resolve the allegations against him.

b.  Defendants violated Plaintiff's and similarly situated persons' right to be free from excessive fines and fees pursuant to the Eighth Amendment, where they were assessed and forced to pay unlawful and unauthorized fines and fees as storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062. These fines and fees were excessive and disproportionate to the offense for having been illegally parked where Louisville Metro Ordinance 72.062 set forth a lower fee amount as adequate punishment for the violation. *Timbs v. Indiana,* 139 S.Ct. 682 (2019).

c.  Defendants violated Plaintiff's and similarly situated persons' rights, pursuant to  Section II of the Kentucky Constitution, where it was fundamentally unfair for the Plaintiff to be assessed arbitrary storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062 and be forced to pay these inflated amounts in order to admit responsibility to the underlying assessments and to fully resolve the allegations against him.

44.     Defendant Louisville Metro Government is liable for these constitutional violations and Defendants Chief Conrad and Defendant Secretary Burns are equally liable for these violations in both their official and individual capacities, especially since these Defendants knew or should have known that their actions authorized the imposition of excessive fines and fees not authorized by Louisville Metro Ordinance 72.062 or because they knowingly failed act or knowingly acquiesced in the charging of excessive fees.   Qualified immunity is not available to these Defendants because they have acted in bad faith.

WHEREFORE, Plaintiff prays this Honorable Court to enter Judgment against Defendants and award Plaintiff and similarly situated persons damages in such amount as to adequately compensate them along with their attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

12

## COUNT II
## UNJUST ENRICHMENT
### (COMMON LAW)

45.    Plaintiff incorporates by reference herein all Paragraphs of this Complaint as if fully stated herein.

46.    Defendant Louisville Metro Government, Defendant Chief Conrad and Defendant Secretary Burns are responsible in equity to Plaintiff and those similarly situated persons for common law unjust enrichment resulting from their scheme to assess and collect storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062 and cannot equitably retain the unlawfully received proceeds.

47.    Defendants received a benefit when Plaintiff and those similarly situated persons paid storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062, and when they reaped the benefits of depriving the Class Members of the equity in their vehicles when said vehicles were sold at auction because the Class Members did not pay the unlawful amounts assessed and demanded for towing, storage and impoundment.

48.    It is inequitable for Defendants to retain the proceeds from the Plaintiff and similarly situated persons for having been assessed and paying storage and impoundment fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062 and to which the Defendants were not entitled.

49.    As a direct and proximate cause of the Defendants' improper conduct, the Defendants have collected millions of dollars in fines and fees, and the proceeds of vehicle auctions, to which they were not legally entitled.

50.    Under equitable principles, the Defendants should be required to disgorge the amounts unlawfully assessed and paid by the Plaintiff and Members of the Class and such other amounts received by auction.

13

Package:000015 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000015 of 000028

51.    Defendants are not entitled to sovereign immunity or governmental immunity for this equitable claim.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against the Defendants and make an equitable award to him and those similarly situated persons that will adequately compensate them for the fines and fees wrongfully obtained by the Defendants including, but not limited to, interest, costs, attorney fees and other damages, as allowed in law and equity.

## COUNT III
## NEGLIGENCE PER SE

52.    Plaintiff incorporates by reference herein all Paragraphs of this Complaint as if fully stated herein.

53.    Pursuant to Louisville Metro Ordinance 72.062, the fees for towing, handling and storage at the Louisville Tow Lot could not be increased more than ten percent (10%) per year.

54.    From February 2, 2008 to the present, the Defendants have collected fees for towing, handling and storage at the Louisville Tow Lot in amounts in violation of Louisville Metro Ordinance 72.062.

55.    The Defendants negligently, knowingly and/or intentionally breached the duties imposed by Louisville Metro Ordinance 72.062 and applicable law by increasing amounts charged to Plaintiff and Class Members in violation of the plain terms of the Ordinance.

56.    By virtue of their acts and omissions delineated herein, Defendants conduct was in violation of Louisville Metro Ordinance 72.062 and they are liable for all damages sustained by the violation and in an amount to be determined at trial and in excess of the jurisdictional minimum of this Court.

Package:000016 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000016 of 000028

14

Filed          19-CI-001780   03/15/2019          David L. Nicholson, Jefferson Circuit Clerk

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against the Defendants and make an award to him and those similarly situated persons that will adequately compensate them for the fines and fees wrongfully obtained by the Defendants including, but not limited to, interest, costs, attorney fees and other damages, as allowed in law and equity, including the amounts received by Defendants from the auction of impounded vehicles.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

57.     Plaintiff incorporates by reference herein all Paragraphs of this Complaint as if full stated herein.

58.     Defendants had a duty in the course of administering the Louisville Tow Lot and assessing and collecting fees for towing, handling and storage from the Plaintiff and others similarly situated and to exercise reasonable care in obtaining or communicating information.

59.     Defendants and others falsely represented to Plaintiff and others similarly situated the fees associated with towing, handling and storage that are at odds with and in violation of the fees allowed by Louisville Metro Ordinance 72.062.

60.     Defendants communicated these fees to Plaintiff and others similarly situated under the belief that they were true and accurate but were actually false and unlawful.

61.     Defendants were negligent because they should have known the statements were false.

62.     Defendants intended to induce Plaintiff and others similarly situated to rely on the false statements.

63.     Injury resulted to the Plaintiff and others similarly situated in justifiable reliance on the false statements.

15

Package:000017 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000017 of 000028

64.    As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff and others similarly situated have sustained damages in an amount to be determined at trial and in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against the Defendants and make an award to him and those similarly situated persons that will adequately compensate them for the fines and fees wrongfully obtained by the Defendants including, but not limited to, interest, costs, attorney fees and other damages, as allowed in law and equity.

### COUNT V
### DECLARATORY AND INJUNCTIVE RELIEF

65.    Plaintiff incorporates by reference herein all Paragraphs of this Complaint as if fully stated herein.

66.    Plaintiff and similarly situated persons seek a declaratory judgment that Defendants' policies, practices, customs, acts and/or omissions as described herein are unlawful and violate their rights under the U.S. Constitution, and the law of the Commonwealth of Kentucky and the Kentucky Constitution.

67.    An order and judgment preliminarily and permanently enjoining Defendants, their subordinates, agents, employees, representatives, and all others from acting or purporting to act in concert with them, from assessing and collecting fees in excess of the amounts authorized by Louisville Metro Ordinance 72.062.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Tyrome Lott, on his behalf and on behalf of all similarly situated persons, known and unknown, by and through counsel, prays for the following relief:

1.    For Judgment in favor of the Plaintiff, on his behalf and on behalf of putative class members, and against the Defendants declaring that the actions of the Defendants are in violation

16

of the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and the Kentucky Constitution, Unjust Enrichment, Negligence Per Se and Negligent Misrepresentation doctrines.

2.      For Judgment in favor of the Plaintiff, on his behalf and on behalf of putative class members, for all elements of damages that he and putative class members have suffered.

3.      For an Order requiring the Defendants to identify all putative class members.

4.      Pre-Judgment and Post-Judgment interest.

5.      For his costs herein incurred, including but not limited to, a reasonable fee for his attorneys of record.

6.      For a trial by Jury, and

7.      For any and all other legal and equitable relief to which he and such other personas and entities similarly situated appear to be entitled.

Respectfully submitted,


  /s/ James L. Deckard
**James L. Deckard**
**HURT, DECKARD & MAY PLLC**
127 West Main Street
Lexington, Kentucky 40507
(859) 254-0000
jdeckard@hdmfirm.com
*Counsel for Plaintiff*

and

**Michael T. Alexander**
**Attorney at Law**
9103 Catania Drive
Louisville, Kentucky 40299
(502) 554-0139
alexanderandassociates123@gmail.com
*Counsel for Plaintiff*

17

Package:000019 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000019 of 000028

Fi                    :I-001780    03/15/2019          David L. Nicholson  Jefferson Circuit Clerk

## VERIFICATION

Comes the Plaintiff, Tyrome Lott, and after being first duly sworn, deposes and states

that he has read and reviewed the statements and allegations contained within the foregoing

Verified Class Action Complaint and hereby verifies and affirms that the statements contained

therein are true and correct to the best of his knowledge and belief.

_____

TYROME LOTT

STATE OF KENTUCKY      )

COUNTY OF JEFFERSON  )

    Subscribed, sworn to and acknowledged before me, a Notary Public in and for the County

and State aforesaid, by the Plaintiff, Tyrome Lott, to be his free act and deed on this the _14_

day of March, 2019.



_____
Notary Public

My Commission Expires: Oct. 20, 2021

Package:000020 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000020 of 000028

Filed         19-CI-001780    03/15/2019         David L. Nicholson, Jefferson Circuit Clerk

§ 72.062  TOWING AND CUSTODIAN CARE CHARGES.

(A)  A towing charge of $85 for each hour or fraction of an hour required for towing shall be made for each motor vehicle.  Where it is necessary to use more than one wrecker in moving or recovering a vehicle, an additional charge of $85 per hour or fraction of an hour shall be assessed for each additional wrecker used.  Where it is necessary to use additional equipment in moving or recovering a vehicle, such as a dolly, an additional charge of $25 shall be assessed for each additional piece of equipment used.  However, if the additional wrecker or equipment is furnished by contract wrecker employed by Metro Government for Metro Government or for a private person the charge made shall be the actual cost of the equipment to Metro Government but not less than $85 per hour or fraction thereof for a wrecker and not less than $25 per hour or fraction thereof for additional equipment.

(B)  The Metro Government tow lot shall charge $10 as a handling charge on all passenger cars, pick-up trucks, vans and motorcycles plus a storage charge of $10 for each of the first seven days or fraction thereof the vehicle is retained in storage and a charge of $5.00 per day for each additional day the vehicle remains in storage.

(C)  For all other vehicles, the Metro Government tow lot shall charge $20 as a handling charge, plus a storage charge of $15 for each of the first seven days the vehicle is retained in storage and a charge of $7.50 per day for each additional day the vehicle remains in storage.

(D)  The Cabinet Secretary for Public Works and Services shall set all towing charges in writing. The fees set forth in this section are the initial fees and hereinafter the Cabinet Secretary for Public Works and Services may raise the fees no more than 10% each year.

(E)  The owner of the vehicle shall pay all charges, including any parking citations that have become final, before the vehicle is released. The Cabinet Secretary, or a named designee, shall collect all towing and storage charges, and citation fees from the owner of any such vehicle.  Upon payment of all charges and presentation of proper identification and proof of ownership, the Cabinet Secretary, or a named designee, shall authorize release to the owner, or the owner's authorized designee, of any such vehicle.

(F)  The Vehicle Impoundment Division shall account for and remit all charges so collected to the Metro Government Finance Cabinet at least every 72 hours.

(1999 Lou. Code, § 75.26) (Lou. Ord. No. 70-1978, approved 8-1-1978; Lou. Am. Ord. No. 120-1979, approved 9-6-1979; Lou. Am. Ord. No. 71-1980, approved 5-20-1980; Lou. Am. Res. 233, approved 11-14-1980; Lou. Am. Ord. No. 199-1986, approved 6-26-1986; Lou. Am. Ord. No. 207-1988, approved 7-29-1988; Lou. Am. Ord. No. 231-1988, approved 8-17-1988; Lou. Am. Ord. No. 210-1989, approved 8-1-1989; Lou. Am. Ord. No. 160-1990, approved 7-16-1990; Lou. Am. Ord. No. 162-1990, approved 7-16-1990; Lou. Am. Ord. No. 163-1998, approved 8-4-1998, effective 12-1-1998; Lou. Am. Ord. No. 0126-2001, approved 10-12-2001; Lou. Metro Am. Ord. No. 197-2003, approved 10-28-2003; Lou. Metro Am. Ord. No. 64-2005, approved 5-17-2005)

Package:000021 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000021 of 000028

Filed          19-CI-001780    03/15/2019          David L. Nicholson, Jefferson Circuit Clerk



# MEMORANDUM

**Louisville-Jefferson County
Metro Government**
Public Works & Assets

To:       Ted Pullen, P.E.
          Director

From:     Jeremy Raney, P.E.
          Assistant Director

Date:     December 9, 2009

Re:       Tow Lot Fee Increase

After review of the current fees at the tow lot, Metro Louisville is still well below the average for normal towing, handling and storage fees. The last increase in fees occurred on February 2nd 2008. I am requesting a 10% fee increase in accordance with the Louisville Metro Code of Ordinances, Chapter 72, Section .062. part D. The increase would be incorporated as follows:

| Current Fees: | | Increased Fees: | |
|---|---|---|---|
| Towing: | $93.00 | Towing: | $102.00 |
| Handling: | $11.00 | Handling: | $12.00 |
| Storage: | $11.00 (per day) | Storage: | $12.00 (per day) |
| Total: | $115.00 | Total: | $126.00 |

With our monthly average approaching 1544 cars being towed this $11 increase will generate $203,808 annually. If you concur with this increase please sign below for our implementation.

Approved : _____*Ted A Pullen*_____ Date: __*12.15.09*__

cc.  Dan Lessy, District Operations Administrator
     Ben Tipton, Executive Administrator

Filed          19-CI-001780    03/15/2019          David L. Nicholson, Jefferson Circuit Clerk

Package:000022 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000022 of 000028

Filed          19-CI-001780    03/15/2019          David L. Nicholson, Jefferson Circuit Clerk



# MEMORANDUM

**Louisville-Jefferson County
Metro Government**
Public Works & Assets

To:        Ted Pullen, P.E.
           Director

From:      Jeremy Raney, P.E.
           Assistant Director

Date:      December 9, 2009

Re:        Auction Handling Fee

The Vehicle Impound Division is requesting approval to add a $20.00 handling fee for all
vehicles sold at auction according to:

§ 72.062 TOWING AND CUSTODIAN CARE CHARGES.

(C) "For all other vehicles, the Metro Government tow lot shall charge $20 as a handling charge…"

 Currently auction vehicles are sold for the auction price.   This increase would be
added to the total at the time of sale and may possibly generate an additional
$36,000.00 annually.   The proposed effective date for this increase is January 1, 2010.

Approved :  _Ted A. Pullen_  Date:  _12·15-09_

cc.    Dan Lessy, District Operations Administrator
       Ben Tipton, Executive Administrator

Package:000023 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000023 of 000028

Filed          19-CI-001780    03/15/2019          David L. Nicholson, Jefferson Circuit Clerk

# MEMORANDUM

### LOUISVILLE METRO POLICE DEPARTMENT

**GREG FISCHER**
MAYOR

**STEVE CONRAD**
CHIEF OF POLICE

TO:        All VIU Members

FROM:    Lieutenant Andrew J. Amrhein
            Commander, VIU

DATE:    October 19, 2012

RE:        Increase in Vehicle Impoundment Fees

We have sought, and received, approval from the Director of Public Works to increase all impoundment fees. Effective Monday, October 22, 2012, the following fee schedule will be implemented:

| | | |
|---|---|---|
| Tow Fee | $112.00 | |
| Admin Fee | $13.00 | |
| Storage Fee | $13.00 | Per day |
| Dolly or Rollback Fee | $27.00 | |
| Labor Fee | $27.00 | Per hour |
| | | |
| Large Vehicle Admin Fee | $22.00 | |
| Large Vehicle Storage Fee | $16.00 | Per day |

Large vehicles are considered anything larger than a standard passenger automobile or pickup truck. Please remember that the ordinance permits us to recoup our fees paid to contractors for performing impoundment work. For example, our dolly fee is now $27.00 whereas Suburban charges $35.00. Therefore, when Suburban brings in a vehicle for us and charges a dolly fee, we are to charge the Suburban dolly fee to the citizen. If a VIU wrecker brings in a vehicle and used a dolly, then we charge the VIU dolly fee of $27.00.

633 WEST JEFFERSON STREET    LOUISVILLE, KENTUCKY 40202
OFFICE PHONE  502.574.7660    FAX  502.574.2450

Package:000024 of 000028          Presiding Judge: HON. MARY SHAW (630277)          Package : 000024 of 000028

**From:** Schreck, William P.
**Sent:** Tuesday, October 02, 2012 7:21 AM
**To:** Gibson, Ozzy
**Cc:** Hesen, Ellen M; Rowland, Steve J.
**Subject:** FW: impoundment fee's

Ozzy – as indicated below we are okay with your proposed increases , please proceed
Thanks bill

**From:** Conrad, Steve
**Sent:** Monday, October 01, 2012 9:16 PM
**To:** Schreck, William P.
**Subject:** RE: impoundment fee's

Bill,

I had previously reviewed this request.  I believe the requested increase is overdue.  It is consistent with what is being charged in most of the comparison cities.  It is a relatively modest request, and the first increase we have requested in three years.  I am okay with moving it forward.

Thanks for asking!

Steve

_____

**From:** Schreck, William P.
**Sent:** Monday, October 01, 2012 3:13 PM
**To:** Conrad, Steve
**Subject:** FW: impoundment fee's

Chief – I spoke to Ellen about this request – she said to check with you – please let me know and if you are I will respond to OZZY
Thanks bill

**From:** Schreck, William P.
**Sent:** Thursday, September 20, 2012 7:02 PM
**To:** Hesen, Ellen M
**Subject:** FW: impoundment fee's

As requested today – attached and below are the series of e-mails and attachments relative the fee increase request of metro police for the tow-in lot –– let me know if there is anything else needed – I will await your response
Thanks bill

**From:** Gibson, Ozzy
**Sent:** Tuesday, September 18, 2012 11:58 AM
**To:** Schreck, William P.
**Cc:** Frockt, Daniel
**Subject:** FW: impoundment fee's

Mr. Schreck

Package:000025 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000025 of 000028

I was advised by Steve Rowland to pass this information on to you. Please let me know if you have any questions.

Thanks
Ozzy Gibson
Assistant Chief, LMPD

**From:** Frockt, Daniel
**Sent:** Thursday, August 16, 2012 5:38 PM
**To:** Gibson, Ozzy
**Cc:** Pullen, Ted A; Rowland, Steve J.
**Subject:** RE: impoundment fee's

Ozzy,

OMB has no objection if this is approved by Ted Pullen in his capacity as Director of PW&A. We do ask that you let us know when this becomes effective so that we may begin to track any revenue changes. Please let me know if you need anything else.

Thanks,
Daniel

**From:** Gibson, Ozzy
**Sent:** Friday, August 10, 2012 10:59 AM
**To:** Frockt, Daniel
**Subject:** FW: impoundment fee's

Daniel- can you advise if OMB is still ok on this? Fee increase at the tow lot.

Thanks Ozzy

**From:** Gibson, Ozzy
**Sent:** Wednesday, August 08, 2012 3:37 PM
**To:** Pullen, Ted A
**Cc:** Conrad, Steve
**Subject:** FW: impoundment fee's

Here you go>

**From:** Pullen, Ted A
**Sent:** Tuesday, August 07, 2012 12:23 PM
**To:** Gibson, Ozzy
**Subject:** RE: impoundment fee's

Can you send me an analysis of ours vs. the other cities and a recommendation?

Package:000026 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000026 of 000028

![KENTUCKY COURT OF JUSTICE]

**18-M-012824**

# COMMONWEALTH VS. LOTT, TYRONE WILLIAM JR

**JEFFERSON DISTRICT COURT**

Filed on **09/13/2018** as **MISDEMEANOR** with **HON. SEAN DELAHANTY**

Disposition on **11/27/2018** by **HON. SEAN DELAHANTY**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

---

**Parties**                                                                  18-M-012824

**LOTT, TYRONE WILLIAM JR** as **DEFENDANT / RESPONDENT**

DOB:         DLN:         OPERATOR'S LICENSE – KENTUCKY Race: B Sex: M

**Address**

9103 CATANIA DR

LOUISVILLE KY 40299

**KIPER, JONAH (NARCOTICS)**, as **COMPLAINING WITNESS**

**Address**

LOUISVILLE METRO POLICE DEPT

633 W JEFFERSON ST

LOUISVILLE KY 40202

**ALEXANDER, STUART E III** as **ATTORNEY-PRIVATE**

**Address**

401 W MAIN ST

STE 1400

LOUISVILLE KY 40202

**LOTT, TYRONE WILLIAM JR** as **ATTORNEY-PRO SE**

---

**Charges**                                                                  18-M-012824

**POSS OF MARIJUANA - 218A.1422**

CHARGE 1 ORIGINAL 0423300

Charged on **09/09/2018** by citation 8N9161872-1

**DISMISSED** Disposition on **11/27/2018** by NO TRIAL

Merge W/18M015356

---

**Documents**                                                                18-M-012824

**VEHICLE INFORMATION** filed on **09/13/2018**

VEHICLE LIC NO =>          VEHICLE LIC STATE => KY VEHICLE LIC YEAR => 2018 VEHICLE YEAR => 2015 MAKE/MODEL => DODGE CHALLENGER COLOR => BLACK

---

**Events**                                                                   18-M-012824

**PRETRIAL CONFERENCE** scheduled for **11/27/2018 01:00 PM** in room HJ204 with **HON. SEAN DELAHANTY**

**Super Memo**

11/27/2018 ATTY PRESENT ATTORN EY PRESENT ALEXANDER, STUART E IIIATTORNEY-PRIVATE DEF PRESENT CHG:1 POSS OF MARIJUANA; CIT#:8N9161872-1 DISMISSED MERGE NOTRIJA L{W/18M015356}

**PRETRIAL CONFERENCE** scheduled for **10/30/2018 01:00 PM** in room HJ204 with **HON. SEAN DELAHANTY**

W/OTHER CASES

**Super Memo**

10/30/2018 Def Present Pro S e Continue Crt HJ204 (CRIMINAL COURTROOM 204) 11/27/2018 1:00 PM PRETRIAL CONFERENCE

**ARRAIGNMENT** scheduled for **10/16/2018 01:00 PM** in room HJ204 with **HON. SEAN DELAHANTY**

**Super Memo**

10/16/2018 DEF PRESENT PRO S E CHG:1 POSS OF MARIJUANA; CIT#: 8N9161872-1 PLEA NOTGUILTY CON TINUE CRT HJ204 (CRIMINAL COURTROOM 204) 10/30/2018 1:00 PM PRETRIAL CONFERENCE {W/OTHER CASES }

Filed          19-CI-001780    03/15/2019    David L. Nicholson, Jefferson Circuit Clerk

☐ VETERAN                                              ☐ JUVENILE OFFENDER DOCUMENT
                              COMMONWEALTH OF KENTUCKY         01/28/2019 07:26:16 PM
☐ SERVING WARRANT            UNIFORM CITATION              00653
☐ SERVING SUMMONS                                          KSP 206 (REV 2/1/16)

| | AGENCY LMD | | ORI KY 056-5600 | |
|---|---|---|---|---|
| **OFFENDER / VIOLATOR** | NAME (L-F-M)  SKIP A SPACE BETWEEN NAMES  Lott, Tyran Wilson Jr. | | ATTN: | HOME PHONE |
| | ALIAS | | | EMERGENCY PHONE |
| | ADDRESS (REG/STREET/APT. NO., ETC) 9803 Colson Dr. | | | KENTUCKY RESIDENT STATUS F. ☐ FULL TIME  P. ☐ PART TIME  N. ☐ NON RESIDENT |
| | CITY Louisville | STATE KY | ZIP 40299 | MARITAL STATUS |
| | I.D. TYPE/STATE  I.D. NUMBER  ██████ | | S.S. NUMBER | VICTIM'S RELATIONSHIP TO OFFENDER |
| | DATE OF BIRTH | SEX | RACE | ETHNIC ORIGIN |
| | ██████ | ☐ MALE ☐ FEMALE | ☐ WHITE ☐ BLACK ☐ AM. INDIAN OR ALASKAN ☐ ASIAN | ☐ HISPANIC ☐ NON HISPANIC |
| | PLACE OF EMPLOYMENT / OCCUPATION | | CITY          STATE | HEIGHT | WEIGHT | HAIR COLOR EYE COLOR |

| | VEH. MAKE Dodge | VEH. TYPE Challenge | VEH. YEAR 2015 | COLOR TOP/BOTTOM Black | ALCOHOL/DRUG INVOLVEMENT (SPECIFY) ☐ NO ☐ YES ☐ UNK  Marijuana |
|---|---|---|---|---|---|
| **VEHICLE** | REG. STATE K | REG. YEAR 2018 | REGISTRATION NO. ██████ | VEHICLE IDENTIFIERS 2C3CDZBG4FH169337 | MPH     IN MPH ZONE VOL. KEY |

| | VIOLATION DATE 9 9 18 | VIOLATION TIME 0215 | EXACT LOCATION OF ARREST / ARREST 3924 Shelbyville Rd | | B.A. RESULTS |
|---|---|---|---|---|---|
| **DATE / TIME** | DATE OF ARREST | TIME OF ARREST | MILES  — — | DIRECTION | CITY Louisville | COUNTY OF VIOLATION Jeff | SECTOR 51 |

| | VIOLATION CODE | ASCF | STATUTE / ORD. | CHARGES | # | PLEA | FINDING | FINAL VIOLATION CODE | DISPN. CODE | FINE | COSTS | FEE | JAIL / PRISON | PROB. TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CHARGE(S)** | 42330 | ① | 218A.1422 | POM | 1 | | | | | | | | | |
| | | | | | 2 | | | | | RECEIVED | | | | |
| | | | | | 3 | | | | | SEP 1 0 2018 | | | | |
| | | | | | 4 | | | | | BY: | | | | |

| | COURT DATE 10 16 18 | COURT TIME 1:00 ☐ AM ☐ PM | PAYABLE ☐ ☐ COURT | COURT LOCATION Call W. Jefferson | COURT CASE NO. | DISPN. DATE | TRIAL ☐ B ☐ J | CLERKS INITIALS |
|---|---|---|---|---|---|---|---|---|
| **COURT** | | | | | BY: | | ☐ N | |

**POST-ARREST COMPLAINT**

Detective observed a marijuana joint in plain view in a
unoccupied vehicle & observed ownership to vehicle which
detective was standing next to vehicle and opened its door
odor of marijuana probable cause & search yielded a bag of
marijuana and a scale or scale

| | CDL LICENSE ☐ No ☐ Yes | | PLACARDED HAZARDOUS VEHICLE ☐ No ☐ Yes | | YEAR |
|---|---|---|---|---|---|
| **CDL** | COMMERCIAL VEHICLE ☐ No ☐ Yes | | CDL CLASS ☐ A ☐ B ☐ C | | 18 |

| | NAME OF WITNESS | ADDRESS CITY/STATE | |
|---|---|---|---|
| **CASE** | NAME OF WITNESS | ADDRESS | |
| | CASE NO. 80-18-670707 | | |
| | CARRIED FOR UCR BY CONTRIBUTOR ☐ | ☐ IN-CAR VIDEO  ☐ FINGER PRINTS  EVIDENCE HELD | |
| | OTHER AGENCY ☐ SPECIFY | ☐ PHOTOS | |
| | OFFICERS SIGNATURE  19-CI-001780   03/15/2019  David L. Nicholson, Jefferson Circuit Clerk | BADGE / I.D. NUMBER  75810 | ASSIGNMENT |
| | X | | |

Package:000028 of 000028     Package : 000028 of 000028

Presiding Judge: HON. MARY SHAW (630277)

N916187  CONTROL NUMBER

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

LOUISVILLE/JEFFERSON CO METRO GOVERNMENT
ATTN: MAYOR GREG FISCHER
527 WEST JEFFERSON STREET, 4TH FLOOR
LOUISVILLE, KY 40202



## KCOJ eFiling Cover Sheet

Case Number: 19-CI-001780

Envelope Number: 1527808

Package Retrieval Number: 152780811120441@00000903514

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 12.85

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000028

Presiding Judge: HON. MARY SHAW (630277)

Package : 000001 of 000028