UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-271-RGJ

TYROME LOTT                                                                                            PLAINTIFF

v.

LOUISVILLE METRO GOVERNMENT, et al.                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyrome Lott and Defendants Louisville-Jefferson County Metro Government ("Metro Government"), Steve Conrad, Erika Shields in her official capacity as Chief of Louisville Metro Police Department, and Vanessa Burns individually and in her official capacity as Secretary of Public Works as Assets for Metro Government (collectively "Defendants," and together with Plaintiff, the "Parties"), jointly move for preliminary settlement approval and a fairness hearing. [DE 88]. For the reasons below, the Motion is **GRANTED**.

**I.     BACKGROUND**

The background is set forth in this Court's summary judgment order [DE 30] and is incorporated by reference.

**II.     STANDARD**

Class actions may be settled only with court approval. Fed. R. Civ. P. 23(e). Approval of a settlement involves two-stages: (1) "The judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing"; and (2) "If so, the final decision on approval is made after the hearing." *Ann. Manual Complex Lit*. (Fourth) § 13.14 (2019); *see also Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 270 (E.D. Ky. 2009) (referencing

*Tennessee Ass'n of Health Maint. Organizations, Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001)). "At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*, No. 3:13-CV-00489, 2015 WL 1976398, at *1 (W.D. Ky. May 4, 2015) (quoting *Ann. Manual Complex Lit.* § 21.662 (4th ed.)). Courts apply a degree of scrutiny sufficient to avoid "rubber-stamp[ing]" a proposed settlement agreement, while still being "mindful of the substantial judicial processes that remain to test the assumptions and representations upon which the [proposed settlement agreement] are premised." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 338 (N.D. Ohio 2001).

To approve a proposed settlement, the court must determine whether it is "fair, reasonable, and adequate." *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016). Rule 23(e) provides the court with factors to consider when making this determination. The Advisory Committee, in amending Rule 23(e), did not intend to displace factors developed by the circuit courts in deciding whether to approve a proposed settlement agreement, but to "focus the court . . . on the core concerns . . . that should guide" the court's determination. Federal R. Civ. P. 23(e) advisory committee's note to 2018 amendment. The Sixth Circuit factors are also used to evaluate the reasonableness of settlements under the FLSA. *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 894–95 (6th Cir. 2019) (quoting citing *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("*UAW*")). This Court thus considers both the Rule 23(e) factors and the factors set forth by the Sixth Circuit. *See Peck v. Air Evac EMS, Inc.*, No. CV 5: 18-615-DCR, 2019 WL 3219150, at *5 (E.D. Ky. July 17, 2019).

### III.   DISCUSSION

Because this Court has already certified the class, appointed class counsel, and approved the class representatives, [DE 30], its analysis here focuses on whether "giv[ing] notice is justified by the parties' showing that the court will likely be able to . . . approve the proposal under Rule 23(e)(2)" and the factors set forth by the Sixth Circuit.[1]  Fed. R. Civ. P. 23(e)(1)(B); *Peck*, 2019 WL 3219150, at *5.  The Court first analyses the factors under Rule 23(e)(2) and secondly and separately analyses the factors set forth by the Sixth Circuit.

**1. Analysis Under Rule 23(e)(2).**

Under the Rule 23(e)(2) factors, a settlement is "fair, reasonable, and adequate" if:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

---

[1] The Advisory Committee to Rule 23(e) notes: "If the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified." Federal R. Civ. P. 23(e) advisory committee's note to 2018 amendment.  Here, the Agreement does not seek to alter the class.

      *a. The class representative and class counsel have adequately represented the class.*

The Parties extensively litigated this matter through settlement, with Defendants opposing class certification under Rule 23. [DE 28 at 825]. The Parties "vigorously litigated this case through (a) extensive motion practice; (b) far-reaching written discovery; (c) vast production of documents and review of electronic data and other paper documents; (d) briefing; (e) deposition of Defendant Steve Conrad, who was then Chief of Police; (f) deposition of the class representative Tyrome Lott; and (g) preparing for and filing Motions and responsive pleadings; (h) two extensive and exhaustive settlement conferences with the Magistrate Judge and (i) an exhaustive successful mediation with a third party Mediator on August 24, 2022."[2] [DE 88-1 at 1766].[3] This factor supports settlement.

      *b. The parties negotiated the proposal at arm's length.*

Magistrate Judge Lindsay assisted the Parties during their settlement discussions at a settlement conference. [DE 43]. He later assisted the Parties at another settlement conference and in their arm's-length negotiations during *ex parte* telephone calls. [DE 53; DE 75; DE 78]. Although the Parties did not reach a settlement during the settlement conferences before Judge Lindsay, the parties continued negotiations with a third-party mediator. [DE 75; DE 78; DE 88-1 at 1767]. The Agreement was achieved only after arm's-length and good-faith negotiations

---

[2] The Parties noted they also conducted discovery "including on site examination of records held by the defendants" during which "it became clear that there is no practicable way to review, discern, or collate any list of potential class members with claims that occurred prior to March 15, 2014." [DE 88-1 at 1766]. This is because "there was no electronic record keeping system" and "[m]any records may have been damaged in storage (e.g. water damage) and may be missing." [*Id.*]

[3] Although Counsel attached a Memorandum in Support of their Motion [DE 88-1], the Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. See Local Rule 7.1. Going forward, Counsel is advised to file a unified motion.

between the parties and with a third-party mediatory. [DE 88-1 at 1767-74]. This factor supports the Agreement.

    *c.   The relief provided for the class is adequate.*

In determining whether a fee request is proper, the court may use either the percentage-of-the-fund method or the lodestar method.[4] *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 278–80 (6th Cir. 2016). But the court must articulate the "reasons for 'adopting a particular methodology and the factors considered in arriving at the fee.'" *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved." *Rawlings*, F.3d at 516. The parties request the percentage-of-the-fund method. The trend in the Sixth Circuit has been towards the application of the percentage-of-the-fund method in common fund class action settlement cases, and the Court finds that the appropriate method here, in a common fund class action settlement such as this. *See Rawlings*, 9 F.3d at 516–517; *and In re Cardizem DC Antitrust Litigation*, 218 F.R.D. at 532.

Fee awards in class action settlements typically range from 20 to 50 percent of the common fund. *New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 635 (W.D. Ky. 2006), *aff'd sub nom. Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008); *Does 1-2*, 925

---

[4] The "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share (i.e., a 'common fund')." *Lonardo*, 706 F. Supp. at 789. Under the Lodestar method, "the trial court first scrutinizes the fee petition to ascertain the number of hours Lead Counsel reasonably expended in creating, protecting, or preserving the fund recovered, and then multiplies that number by a reasonable hourly rate for the attorneys' services, to produce a "lodestar" figure. Then, the Court may increase or decrease the lodestar by multiplying it by a factor it deems reasonable." *In re Cardinal Health Inc. Sec. Litigations*, 528 F. Supp. 2d 752, 761 (S.D. Ohio 2007).

F.3d at 898 ("It is not abnormal for negotiated attorneys' fee awards to comprise 20% to 30% of the total award"); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 299 (W.D. Ky. 2014) (24% of common fund was reasonable); *Spine and Sports Chiropractic, Inc.*, 2015 WL 1976398, at *3 (33% was reasonable); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, 2009 WL 5184352, at *11 (W.D. Ky. Dec. 22, 2009) (50% was reasonable).

The Total Settlement Amount consists of $1,500,000.00, which Defendant will fund. [DE 88-1 at 1764]. The Parties estimate Defendants will pay $650,000 to the Class members.[5] [*Id.* at 1768]. Plaintiff states that he will seek a Class Representative Enhancement Payment in the amount of $200,000.00. [*Id.*] The Court requests more information on why he would be entitled to this Enhancement Payment. The proposed Class Representative Enhancement Payment and a 30% attorney fee award for class counsel, to include attorneys fees and costs, will be deducted from the Total Settlement Amount and paid to Plaintiffs' Counsel. [*Id.* at 1769]. After subtracting the Enhancement Payment and 30% for attorneys' fees and costs from the Total Settlement Amount, the Class Members will receive $650,000 ("Net Settlement Amount").

30% of the Total Settlement Amount is in the middle of what courts in this district have found to be reasonable using the percentage-of-the-fund method, and the Court preliminary approves fees and costs for no more than $450,000. The 30% award for attorneys' fees and costs is within the range typically approved by this Court. *New England Health Care Employees Pension Fund*, 234 F.R.D. 627. The Agreement is fully funded by Defendant and provides a

---

[5] The joint motion has a discrepancy: it states that "[i]f all Class Members file a Claim Form, [the Parties] estimate that Defendants will pay more that $650,000 to the Class members." [DE 88-1 at 1768]. Later in the motion, it states, "[t]hrough this claims process, Defendants' potential exposure in Class member payments will not exceed $650,000." [*Id.* at 1773]. The Court asks the Parties to clarify whether Defendants intend to pay more than $650,000 to Class members or not.

guaranteed recovery for all Plaintiffs. [DE 88-1 at 1773]. "The Mediated Settlement provides a *cy pres* award[6] for class members with claims arising from February 2, 2008 to March 14, 2014, and cash payments to class members with claims arising from March 15, 2014 to March 19, 2021." [DE 88-1 at 1764]. The Court requests that the Parties elaborate on the award and payments that Defendants plan to provide to class members and how it plans to calculate such awards or payments. Otherwise, the Court cannot assess the reasonableness or fairness.

   d. *The proposal treats class members equitably relative to each other.*

Finally, the Agreement provides a *cy pres* award to class members with claims arising earlier, and cash payments to class members with claims arising later. [*Id.*]. This factor supports settlement because it treats class members equitably.

**2. Analysis Under the Sixth Circuit's Factors.**

The Sixth Circuit has articulated factors to help courts determine whether a settlement is "fair, reasonable, and adequate" for preliminary approval:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

---

[6] Cy pres, deriving from the Norman French "cy pres comme possible" ("as near as possible"), "is an equitable doctrine with roots in trusts and estates law." 4 Newberg on Class Actions § 12.32 (5th ed.). "Courts typically employ cy pres where distribution to the class is not feasible." *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 621, 623 (N.D. Ohio 2016). "[C]*y pres* distributes unclaimed funds to a third-party charity." *Id. See also* American Law Institute, Principles of the Law of Aggregate Litigation § 3.07 cmt. b ("A *cy pres* award to a recipient whose interests closely approximate those of the class is preferable to either [escheat to the state or reversion to the defendant]."); and *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 784 (7th Cir.2004) ("[T]he reason for appealing to *cy pres* is to prevent the defendant from walking away from the litigation scot-free because of the infeasibility of distributing the proceeds of the settlement...to the class members.").

*Pelzer v. Vassalle*, 655 F. App'x 352, 359 (6th Cir. 2016) (citing *United States v. High Tech. Prod., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)). These factors are also used to determine the reasonableness of settlement agreements under the FLSA. *Does 1-2*, 925 F.3d at 894–95.

    *a. The risk of fraud or collusion.*

First, "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011) (citing *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008)). Magistrate Judge Lindsay assisted the Parties in their settlement negotiations. [DE 36; 53]. The Parties also represent that the Agreement "was negotiated after more than three years of hard-fought litigation, at arms-length negotiations by experienced and reputable counsel and was facilitated by an experienced mediator." [DE 88-1 at 1773]. Therefore, this factor advocates for the Agreement.

    *b. The complexity, expense, and likely duration of litigation.*

Second, the parties have already engaged in costly and protracted litigation. Civil rights actions, such as this one, are fact intensive and often require costly and protracted litigation. This matter has been pending since 2019, and it may be years before the case goes to trial. The Parties have already spent considerable time and expense on this case. If forced to litigate this case further, the Parties would continue to engage in costly litigation and motion practice. [*Id.* at 1774]. Therefore, this factor supports settlement.

*c. The amount of discovery engaged in by the Parties.*

If the parties have engaged in discovery, then a settlement is more likely to be fair and reasonable under the circumstances. *See O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 19-CV-02378-SHM-TMP, 2020 WL 7634780 (W.D. Tenn. Dec. 22, 2020), at *14. The Parties "conducted extensive discovery" before negotiating the Agreement. [*Id.* at 1772]. The Parties have reviewed relevant documents and researched the applicable law throughout this action. [*Id.*]. During discovery, the Parties reviewed Defendants' interrogatories and requests for productions, policies, and practices, depositions, and other records. [*Id.*]. Because the parties engaged in substantial discovery before settlement, this factor supports the Agreement.

*d. The likelihood of success on the merits.*

Fourth, "the most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011) (citing *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)). Counsel for both sides have recognized the risk of continuing to litigate this action. [DE 88-1 at 1767-73]. In doing so, Defendants have inherently acknowledged that there must be some merit to Plaintiff's claims if this action were to proceed to trial. [*Id.*]. This factor supports settlement.

*e. The opinions of class counsel.*

Fifth, the experienced attorneys on each side, after assessing the relative risks and benefits of litigation, believe that the settlement is fair and reasonable. [*Id.* at 1775]. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class

settlement." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). As a result, the factor supports the Agreement.

  *f. The reaction of absent class members.*

Sixth, the reaction of absent class members does not yet weigh one way or the other in determining whether settlement is appropriate. At the pre-notice stage, the Court does not yet know how absent class members will respond.

  *g. The public interest.*

Finally, the Court finds that settlement serves the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). There is no principled basis for not adhering to that policy here.

**3. The Proposed Settlement's Notice Materials Satisfy the Requirements of Rule 23**

Because this Court has granted preliminary approval, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The Court must direct notice under Rule 23(c)(2)(B), which requires that the notice must include in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member

> who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Notice conveys that this is a class action alleging Defendants violated Louisville Metro Ordinance 76.062 by overcharging for storage of vehicles impounded at the Louisville/Jefferson County Metro Government Tow Lot. [DE 89-1 at 1789]. It defines the certified class as "[a]ll persons with vehicles registered to them whose vehicles were assessed a storage fee in excess of $10 for each of the first seven days a vehicle was in storage, plus a $5.00 fee per day for each additional day thereafter that a vehicle remained in storage since on or about February 2, 2008." [*Id.*]. The Notice also discusses related issues, including the purpose of the notice, how to receive payment, and when the final approval hearing is. [*Id.* at 1788–94]. It conspicuously alerts class members that they may enter an appearance through an attorney. [*Id.* at 1792]. It explains the class members' options and the manner for requesting exclusion. [*Id.* at 1790–91]. Although the Notice does not yet provide how much time a class member has to request exclusion, the Notice does include a blank for the date, which the Court will provide in its Order. [*Id.*]. Finally, it notes that unless an individual chooses to opt out, they are bound by the terms of the settlement. [*Id.*]. Because the parties' showing satisfies the Rule 23(e)(2) and Sixth Circuit factors, the Court will likely be able to approve the Settlement as "fair, reasonable, and adequate."

## IV. CONCLUSION

For all these reasons, and being otherwise sufficiently advised, the Court **GRANTS** the Motion. [DE 88].

The Court **FINDS** and **ORDERS** as follows:

1. <u>Class Members</u>. On March 17, 2021, this Court certified, under Federal Rule of

Civil Procedure 23, the following class: "[A]ll persons with vehicles registered to them whose vehicles were assessed a storage fee in excess of $10 for each of the first seven days a vehicle was in storage, plus a $5.00 fee per day for each additional day thereafter that a vehicle remained in storage since on or about February 2, 2008." [DE 30].

2. <u>Class Representatives and Class Counsel</u>.  On March 17, 2021, this Court appointed a Class Representative and the law firms of Hurt, Deckard & May as Class Counsel [DE 30].

3. <u>Nullification</u>.  This Order will be void and of no force or effect if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

4. <u>Preliminary Approval</u>.  The settlement set forth in the Agreement between the Parties is preliminarily approved as fair, reasonable, adequate, within the range of possible approval, and in the best interests of the Rule 23 class, subject to a hearing for final approval.  The Court further preliminarily finds that the settlement provided for in the Agreement represents a fair, reasonable, and adequate settlement to the Rule 23 class as a whole.  The proposed Agreement is sufficient to justify the issuance of notice of the settlement to the Rule 23 class.

5. <u>Class Notice</u>.  The Notice of Pendency of Class Action is approved.  The Court orders that Defendant provide the Class Counsel with a list, in electronic form, of the Rule 23 settlement class members, including each individual's last known

address, within three business days after the entry date of this Order. The Court orders that the Class Counsel mail the Notice Materials via first-class mail to the Rule 23 settlement class members within fourteen days after Defendants produce such list with addresses. Any member of the Rule 23 settlement class who wishes to opt out of the class must do so by properly completing the Request for Exclusion and mailing it to the Class Counsel. The Request for Exclusion must be received by the Class Counsel within 45 calendar days after the date on which Class Counsel mails the Notice to class members. All of the Rule 23 class members who do not timely and properly exclude themselves from the class will be bound conclusively by all terms of the Agreement, if finally approved, and by any judgment entered upon final approval.

6. <u>Fairness Hearing</u>. The Court shall conduct a Fairness Hearing regarding the proposed settlement on July 19, 2023, at 11:00 a.m. at the U.S. Courthouse, 601 W. Broadway, Louisville, KY, 40202. Any Rule 23 class member who wishes to object to the Agreement will be heard at that time. Objections must be made in writing by mailing such objections to the Class Counsel and must be received by the Class Counsel within 45 days after the date on which the Class Counsel mails the Notice to Rule 23 class members. Each objection must include the objector's name, address, telephone number, signature, and social security number. Each objecting Rule 23 class member must state the reasons for objection to the Agreement. If the objecting Rule 23 class member wishes to speak at the hearing, the written objection must state so and specifically identify all witnesses and

13

materials that the objecting Rule 23 class member will present at the hearing. Any objecting Rule 23 class member who fails to properly or timely provide his or her objection to Class Counsel will not be heard during the Fairness Hearing and such objection will not be considered by the Court. Class Counsel will file objections with the Court and provide them to Counsel for Defendant as set forth in the Agreement.

7. <u>Order for Settlement Purposes</u>. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

8. <u>Enhancement Payment, Net Settlement Amount, and Attorney's Fees and Awards</u>. The submissions of the Parties in support of the settlement, including Plaintiff's Counsels' application for Attorneys' Fees, additional briefing supporting the Class Representative Enhancement Payment, and clarification on how the Parties expect to handle the Net Settlement Amount, shall be filed with the Court no later than thirty-five (35) days before the Fairness Hearing and may be supplemented up to seven (7) days before the Fairness Hearing.

9. The following are REMANDED pending the Court's approval of the settlement in this matter and will be reinstated only if the settlement is not approved:

   a. Final Pretrial Conference, July 18, 2023

   b. Jury Trial, August 14, 2023

Rebecca Grady Jennings, District Judge
United States District Court

March 17, 2023

cc:   Counsel of record