UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TYROME LOTT )<br>      Plaintiff )<br>)<br>v. )<br>)<br>LOUISVILLE/JEFFERSON COUNTY )<br>METRO GOVERNMENT, et al. )<br>      Defendants ) | CASE NO. 3:19-CV-00271-RGJ |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' PLAN OF ALLOCATION TO CLAIMANTS AND PAYMENT OF EXPENSES**

AND NOW, this ____ day of _____, 2023, upon consideration of Class Counsel's Application for Approval of their Plan of Allocation to Claimants, and Expenses, and the Declarations and exhibits attached thereto (the "Supplemental Motion"), and the record in this case,

It is hereby ORDERED that the Supplemental Motion is GRANTED.

Class Counsel moved for approval of a *pro rata* distribution allocation of settlement funds to verifiable claimants per vehicle involved, less attorney fees and expenses, settlement administration fees and any incentive payment;

In considering whether to approve an allocation plan, the Court applies the same standard used when considering approval of class action settlements;

Given the circumstances articulated in Class Counsel's Motion, with inconsistent billable records impeding the ability to calculate specific individual damages, IT IS HEREBY ORDERED as follows:

(1)    The pro rata plan of allocation is cost effective, simple and fundamentally fair;

(2) The plan of allocation confers substantial benefits on the Class and the value is readily quantifiable;

(3) Payment from the Defendants to Kroll Settlement Administration ("Kroll") for their resolution of the claimant payments, tax requirements and on-going expenses associated with the payments to claimants is in the best interest of the Class and the Defendants shall provide payment to Kroll consistent with Kroll's total proposed cost estimate;

(4) Any payments made by the Defendants, including the previous $61,000, shall be treated as a reduction of their $1,500,000 total settlement amount;

(5) The Defendants shall reimburse Class Counsel in the amount of $26,272.82 for their previous payment(s) to Kroll;

(6) The Defendant shall also reimburse Class Counsel $2,436.67 for litigation expenses which shall also be treated as reduction of the total settlement amount;

(7) After payment of attorney fees and expenses, costs of settlement administration to Kroll and any incentive payment, addressed in Order [DN ____], the remaining funds shall be paid pro rata to the verifiable claimants per vehicle involved by Kroll;

(8) Any remaining unclaimed funds after the pro rata distribution shall escheat to Simmons College and their criminal justice program as the *cy pres* recipient;

(9) The objection raised by Mr. Newberry is DENIED as MOOT as he shall be deemed a claimant entitled to part of the pro rata distribution described above;

(10) Any unverifiable claims received after the Fairness Hearing are deemed untimely and denied;

(11) Any unverified late claims received prior to the Fairness Hearing are DENIED; and

(12) Any verified late claims received prior to the Fairness Hearing are deemed valid and to be

2

treated as verifiable claimants to be included in the pro rata distribution by Kroll.

Date: _____        _____
                                    United States District Judge